CITY OF FT. WORTH v. ASHLEY.
(No. 8609.)

(Court of Civil Appeals of Texas. Ft. Worth. June 23, 1917.)

On Motion for Second Rehearing.

EMINENT DOMAIN ⬤=150—EXCESSIVE DAMAGES—INCONVENIENCE.

In a suit for damages caused by change of grade of city street, where the value of the premises was estimated at $3,500, a verdict for $1,500 for damages to the real property, and for $1,000 for discomfort, and $500 for suffering of plaintiff's wife, was excessive, and should be reduced to the amount allowed for injury to the real estate.

On motion for second rehearing. Modified and affirmed.

For former opinion, see 197 S. W. 307.

CONNER, C. J. Appellee presents a second motion for rehearing addressed to our opinion on the first motion and insisting with earnestness that we erred in holding that fundamental error had been presented by the record. Our holding in this respect was more particularly applicable to the issue of damages on account of alleged sickness and because of the alleged discomfort and inconvenience, and to this extent, at least, we see no reason to alter our opinion. As to these elements of the appellee's damage we think we were clearly right and therefore, in so far as applicable to these elements, appellee's second motion for rehearing will be overruled.

In the motion, however, appellee as an alternative plea offers to remit all damages recovered below because of sickness and because of discomfort and inconvenience, and prays that we affirm the judgment for damages to the real property involved, and this prayer we have concluded to grant. As stated in our original opinion, the jury itemized plaintiff damages, assessing damages to his real property in the sum of $1,500, and no attack by assignment, proposition, and statement that we can sustain has been made upon this finding. Nor are we quite willing to say that on the face of the record the finding was fundamentally wrong, in view of the general trend of the authorities to the effect that, under the circumstances shown in this case, the injury to the property was a continuing one, and therefore, at all events, damages to the real property occurring subsequent to the notice discussed in our opinion on the first motion for rehearing would be recoverable. See M., K. & T. Ry. Co. v. Anderson, 194 S. W. 662.

Appellee's remittitur will, accordingly, be accepted and entered of record, and our former order reversing and remanding the cause will be set aside, and the judgment now and here affirmed in appellee's favor to the extent only of the damage found to have been done to his real property, to wit, the extent of $1,500, appellee being denied a recovery for the elements of damages because of alleged sickness and discomfort, and appellee will be taxed with the costs of appeal.